IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**JAMES PRESTON SMITH,**

    **Movant,**

v.                                                      **Case No. 5:16-cv-05060**
                                                            **Case No. 5:99-cr-00161-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 31, 2016, Movant, by court-appointed counsel, W. Michael Frazier, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 176) and a Motion to Defer Ruling (ECF No. 177). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**RELEVANT PROCEDURAL HISTORY**

**A.    Criminal Action No. 5:99-cr-00161-1 and the appeal thereof.**

On April 6, 2000, Movant, James Preston Smith (hereinafter "Defendant"), pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm, as charged in an Indictment returned on September 1, 1999. (ECF Nos. 1, 53-55). On July 10, 2000, Movant was sentenced to a 207-month term of imprisonment, followed by a five-year term of supervised release. (ECF No. 63). The District Court also imposed a $5,000 fine and a $100 special assessment. (*Id.*) Defendant's sentence

included an enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in light of Defendant's prior burglary convictions, which the district court determined to be "violent felonies."[1]

Movant appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, challenging the denial of a motion to suppress evidence and the enhancement of his sentence under the ACCA. Defendant also asserted that Congress exceeded its authority under the Commerce Clause in enacting 18 U.S.C. § 922(g). On September 17, 2001, the Fourth Circuit affirmed Defendant's conviction and sentence. *United States v. Smith*, No. 00-4534, 18 F. App'x 201 (Sept. 17, 2001). On February 25, 2002, the United States Supreme Court denied Defendant's petition for a writ of certiorari. *Smith v. United States*, 122 S. Ct. 1180 (2002).

### B.     First Section 2255 Motion (No. 5:04-cv-01262).

On November 30, 2004, more than two years after his judgment became final, Movant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 94). On December 22, 2005, United States District Judge Joseph R. Goodwin

---

[1] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable . . . by imprisonment for a term exceeding one year . . . that

> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). Subsection (i) is known as the "elements" or "force" clause. The first part of subsection (ii) is known as the "enumerated offense" clause. The emphasized portion of subsection (ii) is known as the "residual" clause.

entered a Memorandum Opinion and Order denying Movant's first section 2255 motion as untimely. (ECF Nos. 120, 121).[2]

### C.   Second Section 2255 Motion (No. 5:09-cv-01257)

On November 17, 2009, Movant filed another Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 126). On July 30, 2012, the presiding District Judge denied that section 2255 motion as being an unauthorized second or successive section 2255 motion. (ECF Nos. 153, 154). Defendant unsuccessfully appealed that determination to the Fourth Circuit. *United States v. Smith*, No. 12-07809, 512 F. App'x 298 (Feb. 28, 2013).

### D.   The instant section 2255 motion (No. 5:16-cv-05060).

On May 31, 2016, Defendant filed the instant section 2255 motion (ECF No. 176) challenging his ACCA enhancement under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. He also filed the pending Motion to Defer Ruling (ECF No. 177), requesting that the district court refrain from taking action on his section 2255 motion until the Fourth Circuit ruled on his motion for authorization to proceed with a second or successive section 2255 motion.

---

2   Defendant filed a number of other motions and petitions which were construed to be second or successive section 2255 motions and were denied. As a result of these repetitive filings, United States District Judge Thomas E. Johnston imposed a pre-filing injunction enjoining Defendant from filing *pro se* motions or petitions without prior leave of court. *See Smith v. Hayden*, No. 5:05-cv-0884, 2009 WL 1543910 (S.D. W.Va. June 2, 2009). In the instant matter, however, Defendant is represented by counsel.

However, on June 22, 2016, the Fourth Circuit denied Defendant authorization to file a second or successive section 2255 motion raising a *Johnson* claim. *In re: James Preston Smith*, No. 16-971 (June 22, 2016). (ECF No. 183). Thus, this court lacks jurisdiction to consider Defendant's present section 2255 motion. Because the undersigned has determined from the face of these documents that Movant is not entitled to relief, no response from the United States of America has been required.

## ANALYSIS

Defendant previously filed an unsuccessful 2255 motion concerning his federal criminal judgment and he has not received authorization from the Fourth Circuit to file a second or successive section 2255 motion. Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." *See also In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999).

To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* Despite Defendant's reliance on *Johnson*, it is evident from the record before the court that the Fourth Circuit specifically denied Defendant the necessary authorization to file the instant section 2255 motion on June 22, 2016. (ECF No. 183). Accordingly, this court lacks jurisdiction to review the instant motion.

4

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the District Court **DENY** Movant's Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 176) and **DENY AS MOOT** his Motion to Defer Ruling (ECF No. 177), and **REMOVE** this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on the

opposing party and Judge Berger.

      The Clerk is requested to mail a copy of this Proposed Findings and Recommendation to Movant at his last known address and counsel of record.

<u>June 19, 2018</u>

                                                Dwane L. Tinsley
                                                United States Magistrate Judge